

**O**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY LEE STEVENS, | ) | Case No. EDCV 09-0918-RGK (MLG) |
| Petitioner, | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS WITH LEAVE TO AMEND |
| KEN CLARK, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a California state prisoner, filed this petition for writ of habeas corpus on May 13, 2009. On May 14, 2009, Magistrate Judge Marc L. Goldman dismissed the petition with leave to amend, because there was no information regarding the state appellate history of petitioner's case and no indication of whether or not he had exhausted available state remedies regarding his claim(s); the memorandum attached to the petition form did not clearly set forth the facts or legal theories supporting petitioner's claim(s); and the petition failed to allege or show that Petitioner was being held in violation of the constitution, laws, or treaties of the United States. *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006).

//

1    Petitioner was given 21 days, until June 4, 2009, in which to
2    file a first amended petition. Petitioner was specifically informed
3    that the failure to timely file a first amended petition would result
4    in dismissal of the petition without further notice.  Petitioner did
5    not file a timely first amended petition nor did he request an
6    extension of time in which to do so.

7    This action shall be dismissed for failure to prosecute.   The
8    Court has the inherent power to achieve the orderly and expeditious
9    disposition of cases by dismissing actions for failure to prosecute.
10   *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*,
11   963 F.2d 1258, 1260-61 (9th Cir. 1992).   The Court is required to
12   weigh the following factors in determining whether to dismiss a case
13   for lack of prosecution: "(1) the public's interest in expeditious
14   resolution of litigation; (2) the court's need to manage its docket;
15   (3) the risk of prejudice to the defendants; (4) the public policy
16   favoring disposition of cases on their merits; and (5) the
17   availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260-
18   1261. *See also In re PPA Products Liability Litigation*, 460 F.3d
19   1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642
20   (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

21   Here, the public's interest in the expeditious resolution of
22   litigation and the court's interest in managing its docket weighs in
23   favor of dismissal. Given Petitioner's failure to comply with the
24   court's order, dismissal would not undermine the public policy
25   favoring disposition of cases on the merits.   In addition, there is
26   no identifiable risk of prejudice to Respondent.
27   //
28   //

2

1          Balancing all of these factors, dismissal of this petition for

2     failure to prosecute is warranted.

3     IT IS SO ORDERED.

4

5     Dated: June 18, 2009

6

7

8                                              R. Gary Klausner
                                               United States District Judge
9

10    Presented By:

11

12

13    Marc L. Goldman
      United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28